**CV 10- 5010**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
JULLIAN WADDLINGTON,
                              Plaintiff,

          -against-


THE CITY OF NEW YORK, POLICE
OFFICER CHARLES S. MCDONALD
(Shield # 10025) and POLICE OFFICERS
JOHN DOE 1-15[1],
                              Defendants.
--------------------------------------------------------x

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ NOV 01 2010 ★

**BROOKLYN OFFICE**

COMPLAINT

JURY DEMAND

**TOWNES, J.**
**MANN. M.J.**

Plaintiff JULLIAN WADDLINGTON, by his attorney(s), THE LAW OFFICES OF

WALE MOSAKU, P.C., complaining of the defendants, THE CITY OF NEW YORK,

POLICE OFFICER CHARLES S. MCDONALD (Shield # 10025), and POLICE

OFFICERS JOHN DOE 1-15 (collectively referred to as the Defendants), upon

information and belief, alleges as follows:

### NATURE OF THE ACTION

1.          This is an action at law to redress the deprivation of rights secured to

the plaintiff under color of statute, ordinance, regulation, custom,

and/or to redress the deprivation of rights, privileges, and immunities

secured to the plaintiff by the Fourth, Fifth and Fourteenth

Amendments to the Constitution of the United States, and by Title 42

U.S.C. §§ 1982, 1983 and 1985, [and arising under the law and

statutes of the State of New York].

### JURISDICTION

2.          The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3),

this being an action authorized by law to redress the deprivation of

rights secured under color of state and city law, statute, ordinance,

regulation, custom and usage of a right, privilege and immunity

secured to the plaintiff by the Fourteenth Amendment to the

---

[1] The above-referenced officers, upon information and well-founded belief, were and are law enforcement
officers employed by the New York City Police Department.

Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3.   All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4.   As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## THE PARTIES

5.   Plaintiff is a resident of the County of Kings, City and State of New York. Plaintiff is a black male of full age.

6.   At all relevant times, POLICE OFFICER CHARLES S. MCDONALD (Shield # 10025) and POLICE OFFICERS JOHN DOE 1-15 (hereinafter "defendant officers") were, and upon information and belief, still are, law enforcement officers employed by the Police Department of the City of New York.

7.   At all times herein, defendant officers were employed as law enforcement officers of the City of New York, State of New York, and was acting under the color of their official capacity and their acts as alleged herein, were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. Defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and its Police Department.

8.      At all relevant times, the defendant City of New York was and is a
        municipal corporation duly organized and existing under the laws of
        the State of New York, and was/is the employer of the defendant
        officers, through its Police Department, namely New York City
        Police Department, and the actions of the defendant officers
        complained of herein were done as part of the custom, practice,
        usage, regulation and/or direction of the City of New York.

9.      Plaintiff sues all defendants in their individual and official capacities.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10.     On or about January 22, 2009, at approximately 10:45 p.m., within
        the premises described as 391 Georgia Avenue, #5C, Brooklyn, New
        York (hereinafter "subject premises"), in the County of Kings, City
        of New York, the plaintiff was falsely arrested without probable
        cause by Police Officer Charles S. McDonald (Shield # 10025) and
        Police Officers John Doe 1-15 of the 75th precinct of the Police
        Department of the City of New York.

11.     At the time of his arrest, the plaintiff was visiting his mother, who
        resided at the subject premises. Other than the plaintiff and his
        mother, there were other persons who were also present within the
        subject premises at the time of the incident, including the plaintiff's
        brother, namely Michael Everson.

12.     The incident commenced when the defendant officers knocked quite
        loudly on the door of the subject premises. The plaintiff's mother
        answered the door by opening it, and was informed by the defendant
        officers that they had a warrant for the arrest of a person named
        Tyree Everson. Tyree Everson is the plaintiff's cousin.

13.     The plaintiff's mother informed the officers that Tyree Everson did
        not live at the subject premises. Nevertheless, the defendant officers
        violently pushed past the plaintiff's mother, knocking her to the floor
        in the process, entered into the apartment, and immediately arrested

each male person who was in the subject premises by placing handcuffs on them, including the plaintiff.

14. The defendant officers then proceeded to search the subject premises.

15. Upon information and well-founded belief, the defendant officers did not have a search warrant that permitted the search of the subject premises, and there were no exigent circumstances existing that justified the unlawful search of the subject premises.

16. The defendant officers then declared that they had found illegal weapons and/or narcotics in one of the bedrooms of the subject premises.

17. Upon information and belief, the plaintiff's brother, namely Michael Everson, immediately admitted to ownership of the illegal items that were found by the defendant officers.

18. Nevertheless, the plaintiff was arrested by the defendant officers, and transported to the 75th police precinct, where he was processed, or otherwise photographed and fingerprinted.

19. At the 75th police precinct, the plaintiff was also forced to remove all of his clothing, and a humiliating strip search was conducted by the defendant officers at that time. Nothing illegal was found on the person of the plaintiff following said strip search.

20. The plaintiff was subsequently transported to "central booking", situated within the Kings County criminal courthouse located at 120 Schermerhorn Street, Brooklyn, New York 11201.

21. On or about January 23, 2009, the plaintiff was arraigned before a New York City Criminal Court Judge, and accused of having committed the following charges:

      a.  PL §220.03 - Criminal possession of a controlled substance in the Seventh Degree;

      b.  PL §220.16(1) - Criminal possession of a controlled substance in the Third Degree;

    c.  PL §220.50(2) - Criminally using drug paraphernalia in the Second Degree;

    d.  PL §220.50(3) - Criminally using drug paraphernalia in the second degree;

    e.  PL §221.05 - Unlawful possession of marijuana;

    f.  PL §221.10(2) - Criminal possession of marijuana in the Fifth Degree;

    g.  PL §221.15 - Criminal possession of marijuana in the Fourth Degree;

    h.  PL §265.01(1) - Criminal possession of a weapon in the Fourth Degree; and

    i.  PL §265.03(3) - Criminal possession of a weapon in the Second Degree.

22.    The Kings County Criminal Court Docket number was "2009KN006602". The plaintiff was completely innocent of the above-referenced crime/offenses he was accused of.

23.    The plaintiff was unable to afford to post the amount of the bail, and as such was remanded to Rikers Island Correctional facility. The plaintiff remained at the Rikers Island Correctional Facility until approximately thirty (30) days later, at which time he was released upon his own recognizance.

24.    The plaintiff was subsequently indicted by a Kings County Grand Jury. The New York State Supreme Court Case Number was "00889-2009".

25.    The plaintiff was subsequently compelled to return to court on several occasions for more than one year, in defense of the above-referenced charges.

26.    On March 9, 2010, the case against the plaintiff was dismissed, and the plaintiff was released from the jurisdiction of the court.

## CAUSE(S) OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT UNDER
## 42 U.S.C § 1983/NEW YORK STATE LAW

27.    By this reference, the plaintiff incorporates each and every allegation
and averment set forth in paragraphs 1 through 26 of this complaint
as though fully set forth herein.

28.    The above-described respective arrest, detention and imprisonment of
the plaintiff were without just or probable cause and without any
warrant or legal process directing or authorizing the plaintiff's arrest
or subsequent detention.

29.    As a result of the plaintiff's above-described false arrest and
imprisonment, he has been caused to suffer humiliation, great mental
and physical anguish, embarrassment and scorn among those who
know him, was prevented from attending to his necessary affairs, and
has been otherwise damaged in his character and reputation.

30.    Consequently, the plaintiff has been damaged and hereby demands
compensatory and punitive damages in an amount to be proven at
trial against each of the defendants, individually and severally.

31.    The defendant officers were at all material times acting within the
scope of their employment, and as such, the defendant City is
vicariously liable for the defendant officers acts as described above.

## CAUSE OF ACTION: MALICIOUS PROSECUTION UNDER 42 U.S.C § 1983

32.    By this reference, plaintiff incorporates each and every allegation and
averment set forth in paragraphs 1 through 31 of this complaint as
though fully set forth herein.

33.    The commencement and continued prosecution of the criminal
judicial proceeding against plaintiff, including the arrest, the
imprisonment, and the charges against plaintiff were committed by or
at the insistence of the defendants without probable cause or legal
justification, and with malice.

34.    That the defendants were directly involved in the initiation of
criminal proceedings against the plaintiff.

35.     That the defendants lacked probable cause to initiate criminal proceedings against the plaintiff.

36.     That the defendants acted with malice in initiating criminal proceedings against the plaintiff.

37.     That the defendants were directly involved in the continuation of criminal proceedings against the plaintiff.

38.     That the defendants lacked probable cause in continuing criminal proceedings against the plaintiff.

39.     That the defendants acted with malice in continuing criminal proceedings against the plaintiff.

40.     That the defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

41.     That the defendants misrepresented and falsified evidence to the prosecutors in the Kings County District Attorney's office.

42.     That the defendants withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.

43.     That the defendants did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.

44.     That the defendants misrepresented and falsified evidence before a Kings County Grand Jury panel.

45.     That the defendants withheld exculpatory evidence from a Kings County Grand Jury panel.

46.     That the defendants did not make a complete statement of facts to a Kings County Grand Jury panel, thus misleading them.

47.     That following the proffered false testimony under oath, before a Kings County Grand Jury panel, by all and/or some of the above-named officers and witnesses, a Kings County Grand Jury panel indicted the plaintiff with respect to the above-referenced offences.

48.     That the above-referenced Kings County grand jury indictment was obtained by the above-named officers and witnesses fraud, perjury,

suppression of evidence and/or other police and/or prosecutorial misconduct undertaken in bad faith.

49.    The criminal judicial proceeding initiated against plaintiff was dismissed on March 9, 2010, and terminated in the plaintiff's favor.

50.    The arrest, imprisonment and prosecution of the plaintiff were malicious and unlawful, because plaintiff had committed no crime and there was no probable cause to believe that plaintiff had committed any crimes.

51.    The defendants actions were intentional, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

52.    As a consequence of the malicious prosecution by the defendants, plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

## CAUSE OF ACTION: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

53.    By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 52 of this complaint as though fully set forth herein.

54.    Following the plaintiff's arrest, the defendant officers searched and subsequently strip-searched and/or caused the plaintiff to be strip-searched, without any individualized reasonable suspicion that he was concealing weapons or contraband.

55.    As a result of the foregoing, the plaintiff was subjected to illegal and improper searches and strip searches.

56.     The foregoing unlawful searches and strip searches violated the plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

57.     As a consequence of said defendant officers' actions, the plaintiff suffered humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

## CAUSE OF ACTION: FAILURE TO INTERVENE/INTERCEDE UNDER 42 U.S.C § 1983

58.     By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 57 of this complaint as though fully set forth herein.

59.     Each and every individual defendant had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

60.     The individual defendants failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

61.     As a consequence of said defendants' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, and the plaintiff's constitutional rights were violated. The plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

## CAUSE OF ACTION: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION OF EVIDENCE

62.     By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 61 of this complaint as though fully set forth herein.

63.     The individual defendants created false evidence against the plaintiff.

64.     The individual defendants forwarded false evidence and false information concerning the plaintiff to the prosecutors in the Kings County District Attorney's office.

65.     The individual defendants provided false testimony throughout the criminal proceedings.

66.     By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, the defendants violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

67.     As a consequence of said defendants' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, and the plaintiff's constitutional rights were violated. The plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

## CAUSE OF ACTION: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

68.     By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 67 of this complaint as though fully set forth herein.

69.     The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

70.     The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs,

Case 1:10-cv-05010-SLT-RLM Document 1 Filed 11/01/10 Page 11 of 13 PageID #: . .

11

policies, usages, practices, procedures and rules of the City of New
York and its police department.

71.     The aforementioned customs, policies, usages, practices, procedures
and rules of the City of New York and its police department include,
but are not limited to the following unconstitutional practices:
a. Wrongfully arresting individuals on the pretext that they are/were
involved in illegal acts;
b. manufacturing evidence against individuals allegedly involved in
illegal acts; and
c. arresting innocent persons in order to meet "productivity" goals
(i.e. arrest quotas).

72.     The existence of the aforesaid unconstitutional customs and policies
may be inferred from repeated occurrences of similar wrongful
conduct, as documented in the numerous civil rights actions filed
against the City of New York in the state and federal courts.

73.     The existence of the aforesaid unconstitutional customs and policies
may also be inferred from the admission by Deputy Commissioner
Paul J. Browne, as reported by the media on January 20, 2006, that
commanders are permitted to set "productivity goals".

74.     Furthermore, the existence of the aforesaid unconstitutional customs
and policies may also be inferred from the ruling (Docket entry 32) of
the Court, in the case(s) of <u>Jose Colon v. City of New York</u>, et al (09-
cv-8) and <u>Maximo Colon v. City of New York</u>, et al (09-cv-9),
wherein the Court stated, *inter alia*, that "*Informal inquiry by the
court and among the judges of this court, as well as knowledge of
cases in other federal and state courts, has revealed anecdotal
evidence of repeated, widespread falsification by arresting officers of
the New York City Police Department*", and that "*there is some
evidence of an attitude among officers that is sufficiently widespread
to constitute a custom or policy by the city approving the illegal
conduct of the kind now charged*".

75.     The aforementioned customs, policies, usages, practices, procedures
        and rules of the City of New York, constituted a deliberate
        indifference to the safety, well-being and constitutional rights of all
        defendants, including but not limited to the plaintiffs; were the
        proximate cause of, and moving force behind, the constitutional
        violations suffered by the plaintiffs as alleged herein, and deprived
        plaintiffs of the following rights, privileges and immunities secured
        to him/her by the Constitution of the United States:

        (a)     The right of the plaintiff to be secure in his person and effects
        against unreasonable search and seizure under the Fourth and Fourteenth
        Amendments to the Constitution of the United States.

        (b )    The right of the plaintiff not to be deprived of life, liberty, or
        property without due process of law, and the right to the equal protection
        of the laws, secured to him by the Fifth and Fourteenth Amendments to
        the Constitution of the United States.

        (c)     The right to be free from unreasonable detention and/or continued
        detention without probable cause in that the plaintiff was detained and
        subsequently prosecuted.

76.     As a result of the actions of the defendants, the plaintiff was deprived
        of his rights, privileges, and immunities secured by the United States
        Constitution, in particular, the Fourth, Fifth, and Fourteenth
        Amendments, in contravention of 42 USC §1983 and the laws of
        New York State, without just or legal cause when defendant City, by
        its employees and/or agents unlawfully arrested and imprisoned said
        plaintiff thereby depriving said plaintiff of his liberty without due
        process of law.

77.     The defendant officers were the actual agents of the defendant City of
        New York and were following the customs, practices, ordinances
        and/or regulations of the City of New York when they violated said
        plaintiffs constitutional and civil rights, and the City of New York is

therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

78.  The actual principal/agent relationship between the City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

79.  The defendants' actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

WHEREFORE, the plaintiff respectfully prays for judgment as follows:

1.  For compensatory damages against each and all defendants in an amount to be proven at trial;

2.  For exemplary and punitive damages against each and all defendants in an amount to be proven at trial;

3.  For costs of suit herein, including the plaintiff's reasonable attorney's fees; and;

4.  For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, each plaintiff demands a trial by jury.

Dated: Brooklyn, New York
    October 28, 2010

LAW OFFICES OF WALE MOSAKU, P.C.

By:

Wale Mosaku
Attorney(s) for the Plaintiff
25 Bond Street, 3rd Floor
Brooklyn, N.Y. 11201
(718) 243-0994