UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------x   10 CV 5010 (SLT)(RLM)
JULLIAN WADDLINGTON,
                Plaintiff,
                                                                                AMENDED COMPLAINT
   -against-
                                                                                JURY DEMAND

THE CITY OF NEW YORK, POLICE
OFFICER CHARLES S. MCDONALD
(Shield # 10025), SERGEANT WILLIAM
HALL (Tax Registration # 904097), POLICE
OFFICER RICHARD ARROYO, POLICE
OFFICER MARK WHIRL and POLICE
OFFICER CHRISTOPHER ESPOSITO,
                           Defendants.
------------------------------------------------------x

Plaintiff JULLIAN WADDLINGTON, by his attorney(s), THE LAW OFFICES OF WALE MOSAKU, P.C., complaining of the defendants, THE CITY OF NEW YORK, POLICE OFFICER CHARLES S. MCDONALD (Shield # 10025), SERGEANT WILLIAM HALL (Tax Registration # 904097), POLICE OFFICER RICHARD ARROYO, POLICE OFFICER MARK WHIRL and POLICE OFFICER CHRISTOPHER ESPOSITO (collectively referred to as the Defendants), upon information and belief, alleges as follows:

## NATURE OF THE ACTION

1.        This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and/or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. §§ 1982, 1983 and 1985, [and arising under the law and statutes of the State of New York].

## JURISDICTION

2.        The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance,

      regulation, custom and usage of a right, privilege and immunity secured to the plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

3. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

4. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## THE PARTIES

5. Plaintiff is a resident of the County of Kings, City and State of New York. Plaintiff is a black male of full age.

6. At all relevant times, POLICE OFFICER CHARLES S. MCDONALD (Shield # 10025), SERGEANT WILLIAM HALL (Tax Registration # 904097), POLICE OFFICER RICHARD ARROYO, POLICE OFFICER MARK WHIRL and POLICE OFFICER CHRISTOPHER ESPOSITO (hereinafter "defendant officers") were, and upon information and belief, still are, law enforcement officers employed by the Police Department of the City of New York.

7. At all times herein, defendant officers were employed as law enforcement officers of the City of New York, State of New York, and was acting under the color of their official capacity and their acts as alleged herein, were performed under color of the statutes and

        ordinances of the City of New York and/or the State of New York. Defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and its Police Department.

8. At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was/is the employer of the defendant officers, through its Police Department, namely New York City Police Department, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

9. Plaintiff sues all defendants in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. On or about January 22, 2009, at approximately 10:45 p.m., within the premises described as 391 Georgia Avenue, #5C, Brooklyn, New York (hereinafter "subject premises"), in the County of Kings, City of New York, the plaintiff was falsely arrested without probable cause by the defendant officers.

11. At the time of his arrest, the plaintiff was visiting his mother, namely Cynthia Everson, who resided at the subject premises.

12. Apart from the plaintiff and his mother, there were other persons who were also present within the subject premises at the time of the incident, including Michael Everson and Kareem Everson.

13. The incident commenced when the defendant officers knocked quite loudly on the door of the subject premises. The plaintiff's mother answered the door by opening it, and was informed by the defendant officers that they had a warrant for the arrest of a person named Tyree Everson. Tyree Everson is the plaintiff's cousin.

14. The plaintiff's mother informed the officers that Tyree Everson did not live at the subject premises, and was in fact incarcerated at that time. Nevertheless, the defendant officers violently pushed past the

|     | |
| --- | --- |
|     | plaintiff's mother, knocking her to the floor in the process, entered into the apartment, and immediately arrested each male person who was in the subject premises by placing handcuffs on them, including the plaintiff. |
| 15. | The defendant officers then proceeded to search the subject premises. |
| 16. | The defendant officers did not have a search warrant that permitted the search of the subject premises, and there were no exigent circumstances existing that justified the unlawful search of the subject premises. |
| 17. | The defendant officers then declared that they had found illegal weapons and/or narcotics in one of the bedrooms of the subject premises. |
| 18. | Upon information and belief, Michael Everson immediately admitted to ownership of the illegal items that were found by the defendant officers. |
| 19. | Nevertheless, the plaintiff was arrested by the defendant officers, and transported to the 75th police precinct, where he was processed, or otherwise photographed and fingerprinted. |
| 20. | At the 75th police precinct, the plaintiff was also forced to remove all of his clothing, and a humiliating strip search was conducted by the defendant officers at that time. Nothing illegal was found on the person of the plaintiff during said unwarranted strip search. |
| 21. | The plaintiff was subsequently transported to "central booking", situated within the Kings County criminal courthouse located at 120 Schermerhorn Street, Brooklyn, New York 11201. |
| 22. | On or about January 23, 2009, the plaintiff was arraigned before a New York City Criminal Court Judge, and accused of having committed the following charges:<br>    a. PL §220.03 - Criminal possession of a controlled substance in the Seventh Degree; |

    b. PL §220.16(1) - Criminal possession of a controlled substance in the Third Degree;

    c. PL §220.50(2) - Criminally using drug paraphernalia in the Second Degree;

    d. PL §220.50(3) - Criminally using drug paraphernalia in the second degree;

    e. PL §221.05 - Unlawful possession of marijuana;

    f. PL §221.10(2) - Criminal possession of marijuana in the Fifth Degree;

    g. PL §221.15 - Criminal possession of marijuana in the Fourth Degree;

    h. PL §265.01(1) - Criminal possession of a weapon in the Fourth Degree; and

    i. PL §265.03(3) - Criminal possession of a weapon in the Second Degree.

23. The Kings County Criminal Court Docket number was "2009KN006602". The plaintiff was completely innocent of the above-referenced crime/offenses he was accused of, and pleaded "not guilty".

24. At arraignment, bail was set for the plaintiff in an amount he was unable to afford to post, and as such, he was remanded to the Rikers Island Correctional Facility (hereinafter "Rikers").

25. Upon arrival at Rikers, the plaintiff was strip-searched again by the City's servants, agents, and/or employees. Nothing illegal was recovered from the person of the plaintiff during that unwarranted search.

26. The plaintiff remained at Rikers until approximately thirty (30) days later, at which time he was released upon his own recognizance.

27. The plaintiff was subsequently indicted by a Kings County Grand Jury. The New York State Supreme Court Case Number was "00889-2009".

28. The plaintiff was subsequently compelled to return to court on several occasions for more than one year, in defense of the above-referenced charges.

29. On March 9, 2010, the case against the plaintiff was dismissed, and the plaintiff was released from the jurisdiction of the court.

## CAUSE(S) OF ACTION: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

30. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 29 of this complaint as though fully set forth herein.

31. The above-described respective arrest, detention and imprisonment of the plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

32. As a result of the plaintiff's above-described false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been otherwise damaged in his character and reputation.

33. Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

34. The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

## CAUSE OF ACTION: MALICIOUS PROSECUTION UNDER 42 U.S.C § 1983

35. By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 34 of this complaint as though fully set forth herein.

36. The commencement and continued prosecution of the criminal judicial proceeding against plaintiff, including the arrest, the

imprisonment, and the charges against plaintiff were committed by or at the insistence of the defendants without probable cause or legal justification, and with malice.

37. That the defendants were directly involved in the initiation of criminal proceedings against the plaintiff.

38. That the defendants lacked probable cause to initiate criminal proceedings against the plaintiff.

39. That the defendants acted with malice in initiating criminal proceedings against the plaintiff.

40. That the defendants were directly involved in the continuation of criminal proceedings against the plaintiff.

41. That the defendants lacked probable cause in continuing criminal proceedings against the plaintiff.

42. That the defendants acted with malice in continuing criminal proceedings against the plaintiff.

43. That the defendants misrepresented and falsified evidence throughout all phases of the criminal proceeding.

44. That the defendants misrepresented and falsified evidence to the prosecutors in the Kings County District Attorney's office.

45. That the defendants withheld exculpatory evidence from the prosecutors in the Kings County District Attorney's office.

46. That the defendants did not make a complete statement of facts to the prosecutors in the Kings County District Attorney's office.

47. That the defendants misrepresented and falsified evidence before a Kings County Grand Jury panel.

48. That the defendants withheld exculpatory evidence from a Kings County Grand Jury panel.

49. That the defendants did not make a complete statement of facts to a Kings County Grand Jury panel, thus misleading them.

50. That following the proffered false testimony under oath, before a Kings County Grand Jury panel, by all and/or some of the above-

named officers and witnesses, a Kings County Grand Jury panel indicted the plaintiff with respect to the above-referenced offences.

51. That the above-referenced Kings County grand jury indictment was obtained by the above-named officers and witnesses fraud, perjury, suppression of evidence and/or other police and/or prosecutorial misconduct undertaken in bad faith.

52. The criminal judicial proceeding initiated against plaintiff was dismissed on March 9, 2010, and terminated in the plaintiff's favor.

53. The arrest, imprisonment and prosecution of the plaintiff were malicious and unlawful, because plaintiff had committed no crime and there was no probable cause to believe that plaintiff had committed any crimes.

54. The defendants actions were intentional, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

55. As a consequence of the malicious prosecution by the defendants, plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

<u>CAUSE OF ACTION: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983/NEW YORK STATE LAW</u>

56. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 55 of this complaint as though fully set forth herein.

57. Following the plaintiff's arrest, the defendant officers searched and subsequently strip-searched and/or caused the plaintiff to be strip-searched, without any individualized reasonable suspicion that he was concealing weapons or contraband.

58. As a result of the foregoing, the plaintiff was subjected to illegal and improper searches and strip searches.

59. The foregoing unlawful searches and strip searches violated the plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

60. As a consequence of said defendant officers' actions, the plaintiff suffered humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

## CAUSE OF ACTION: FAILURE TO INTERVENE/INTERCEDE UNDER 42 U.S.C § 1983

61. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 60 of this complaint as though fully set forth herein.

62. Each and every individual defendant had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

63. The individual defendants failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

64. As a consequence of said defendants' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, and the plaintiff's constitutional rights were violated. The plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

## CAUSE OF ACTION: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION OF EVIDENCE

65. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 64 of this complaint as though fully set forth herein.

66. The individual defendants created false evidence against the plaintiff.

67. The individual defendants forwarded false evidence and false information concerning the plaintiff to the prosecutors in the Kings County District Attorney's office.

68. The individual defendants provided false testimony throughout the criminal proceedings.

69. By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, the defendants violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

70. As a consequence of said defendants' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, and the plaintiff's constitutional rights were violated. The plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against each of the defendants, individually and severally.

CAUSE OF ACTION: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

71. By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 70 of this complaint as though fully set forth herein.

72. The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

73. The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs,

policies, usages, practices, procedures and rules of the City of New York and its police department.

74. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:

a. Wrongfully arresting individuals on the pretext that they are/were involved in illegal acts;

b. manufacturing evidence against individuals allegedly involved in illegal acts;

c. arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas); and

d. unlawfully strip-searching pre-arraignment and post-arraignment detainees in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband;

75. The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented in the numerous civil rights actions filed against the City of New York in the state and federal courts.

76. The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

77. Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court, in the case(s) of <u>Jose Colon v. City of New York</u>, et al (09-cv-8) and <u>Maximo Colon v. City of New York</u>, et al (09-cv-9), wherein the Court stated, *inter alia*, that "*Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department*", and that "*there is some*

*evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged*".

78. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

(a) The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b) The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c) The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was detained and subsequently prosecuted.

79. As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned said plaintiff thereby depriving said plaintiff of his liberty without due process of law.

80. The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances

    and/or regulations of the City of New York when they violated said plaintiffs constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

81. The actual principal/agent relationship between the City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

82. The defendants' actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiffs were false and untrue.

WHEREFORE, the plaintiff respectfully prays for judgment as follows:

1. For compensatory damages against each and all defendants in an amount to be proven at trial;

2. For exemplary and punitive damages against each and all defendants in an amount to be proven at trial;

3. For costs of suit herein, including the plaintiff's reasonable attorney's fees; and;

4. For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, the plaintiff demands a trial by jury.

Dated: Brooklyn, New York
   March 3, 2011

         LAW OFFICES OF WALE MOSAKU, P.C.

         By:   /s/

         Wale Mosaku (AM5872)
         Attorney(s) for the Plaintiff
         25 Bond Street, 3rd Floor
         Brooklyn, N.Y. 11201

(718) 243-0994

Gregory Mouton, Esq.
Assistant Corporation Counsel
City of New York Law Department
Attorneys for defendants
The City of New York and Police Officer Charles S. McDonald (Shield # 10025)
100 Church Street
New York, N.Y. 10007
(212) 676-1307

SERGEANT WILLIAM HALL (Tax Registration # 904097)
Defendant Pro se
NYPD 75th Precinct
1000 Sutter Avenue
Brooklyn, N.Y. 11208

POLICE OFFICER RICHARD ARROYO
Defendant Pro se
NYPD 75th Precinct
1000 Sutter Avenue
Brooklyn, N.Y. 11208

POLICE OFFICER MARK WHIRL
Defendant Pro se
NYPD 75th Precinct
1000 Sutter Avenue
Brooklyn, N.Y. 11208

POLICE OFFICER CHRISTOPHER ESPOSITO
Defendant Pro se
NYPD 75th Precinct
1000 Sutter Avenue
Brooklyn, N.Y. 11208