UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
**JULLIAN WADDLINGTON,**

                       **Plaintiff,**

      -against-

**CITY OF NEW YORK, et al.,**

                      **Defendants.**
----------------------------------------------------------------x

**MEMORANDUM AND ORDER**

10-CV-5010 (SLT)

**ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:**

      In this unusually contentious civil rights action, plaintiff moves for an order compelling defendants to produce a transcript of a proceeding before the New York City Housing Authority ("NYCHA"), which transcript defendants are withholding as attorney work product. See Letter to the Court from Wale Mosaku (Oct. 29, 2011) ("Pl. Mot.") at 1, ECF Docket Entry ("DE") #50; Letter to the Court from Wale Mosaku (Nov. 3, 2011) ("Pl. Reply"), DE #54. Plaintiff concedes that in March of this year, defendants produced a copy of the compact disc ("CD") audio recording of that hearing. See Pl. Mot. at 1. For the reasons that follow, plaintiff's application for a compulsion order is denied.

      The facts set forth in the Affirmation of Assistant Corporation Counsel Gregory Mouton ("Mouton Aff."), which was filed in response to plaintiff's motion to compel, satisfy defendants' burden of establishing their entitlement to protection for materials "prepared . . . for trial by or for" defendants' counsel. Fed. R. Civ. P. 26(b)(3)(A). The referenced "transcript" is in fact an excerpt from "a portion of one of the audio files contained on the compact disc disclosed to plaintiff . . . ." Mouton Aff. ¶ 3. The partial transcript is not a

NYCHA document but instead was prepared in March 2011 at defense counsel's direction by a (non-stenographer) assistant in his office, see id. ¶¶ 2, 6; in order "to assist in[] the defense, litigation, and trial" of this case. Id. ¶ 4. The partial transcript was utilized by defense counsel in formulating questions during a deposition of a non-party witness in this case, id. ¶ 8, and the disputed document has been treated as confidential by defense counsel. See id. ¶ 5 (representing that the disputed document "has never been disclosed to plaintiff or any third-party."). Therefore, the document is entitled to work product protection.

Contrary to plaintiff's argument in his reply letter, whether the transcript was prepared "at" rather than "under" defense counsel's direction is immaterial. See Pl. Reply at 2. And plaintiff's unsworn description of the document as "appear[ing] to have been professionally prepared," id. at 1, is insufficient to rebut defense counsel's sworn assertion that the transcript was prepared by an assistant in Corporation Counsel's Office. See Mouton Aff. ¶ 3. In any event, even a professionally prepared partial transcript will qualify for work product protection where, as here, the document has been prepared at or under the direction of counsel, to assist counsel in formulating questions and preparing a defense to the lawsuit, and will not be disclosed outside the attorney/client relationship or otherwise used in the litigation.[1]

To be sure, the partial transcript presumably does not reflect the "mental impressions, conclusions, opinions, or legal theories" of defense counsel. Fed. R. Civ. P. 26(b)(3)(B). Nevertheless, even so-called "ordinary work product" is exempt from discovery unless the

---

[1] Thus, neither side should construe this ruling as an invitation to withhold transcripts that that party intends to mark as an exhibit at trial or in connection with a dispositive motion.

party seeking its disclosure "shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means." Fed. R. Civ. P. 26(b)(3)(A)(ii). Plaintiff has not made -- and indeed cannot make -- such a showing in this case: as the CD of the NYCHA hearing was produced to plaintiff in March, he clearly is in possession of the "substantial equivalent" of the materials sought and obviously can arrange for his own transcription of the CD or any portion thereof. Therefore, plaintiff cannot show substantial need for the partial transcript prepared at defense counsel's direction.

Accordingly, defendants' reliance on Rule 26(b)(3)(A) is sustained, and plaintiff's motion for a compulsion order is denied.

**SO ORDERED.**

Dated: Brooklyn, New York
November 4, 2011

ROANNE L. MANN
**UNITED STATES MAGISTRATE JUDGE**